UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ULYSSES D. REED,

        Plaintiff,

v.                                      CASE NO.: 08-12363
                                        HON. PATRICK J. DUGGAN

COUNTRYWIDE HOME
LOANS, INC., and ROCK
FINANCIAL CORP.,

        Defendants.
_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on June 18, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On June 3, 2008, Ulysses D. Reed ("Plaintiff") filed this action against Countrywide Home Loans, Inc. and Rock Financial Corp. In his complaint, Plaintiff invokes the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. Presently before this Court is Plaintiff's petition to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court is satisfied that Plaintiff does not possess sufficient assets to pay the filing fee; therefore, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Nonetheless, because the Court finds that Plaintiff's complaint fails to state a federal claim upon which relief may be granted, the

Court will dismiss Plaintiff's complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "If the complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

As indicated, Plaintiff invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331, which requires this Court to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The only allegation in Plaintiff's complaint that purports to state claim under federal law provides: "Plaintiff alleges that I may have a claim for relief under Civil Rico Federal racketeering laws (USC Title 18 § 1341 USC Title 18 § 1346)." (Compl. ¶ 13.) Construing Plaintiff's *pro se* complaint liberally as this Court must, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), Plaintiff appears to allege a claim based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. RICO provides a civil remedy to individuals who are injured as a result of specified unlawful activity. *See* 18 U.S.C. § 1964(c). In pertinent part, RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in" activities affecting "interstate or foreign commerce . . . to conduct or participate, directly or indirectly, in the conduct of such

2

enterprise's affairs through a pattern of racketeering activity." *Id.* § 1962(c). Thus, to state a claim under § 1962(c) of RICO a plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985).

Here, with respect to the "racketeering activity" element, Plaintiff appears to be alleging that Defendants engaged in the acts of mail and/or wire fraud. *See* 18 U.S.C. §§ 1341, 1346. The Sixth Circuit has held that a plaintiff asserting a RICO claim based on the predicate acts of mail or wire fraud must satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). Rule 9(b) requires that fraud be pleaded with particularity, and to satisfy this requirement, a plaintiff must allege the time, place, and contents of the alleged fraudulent misrepresentations. *Id.*; *see also* FED. R. CIV. P. 9(b). Plaintiff does not plead the contents of any fraudulent misrepresentation, much less plead the time and place that any alleged misrepresentation was made.[1] Consequently, the Court concludes that Plaintiff's claim fails to state a claim under RICO.

Plaintiff's complaint also appears to allege state law claim(s) against Defendants for an alleged "unconscionable contract" and possibly for fraud. (*See* Compl. ¶¶ 2, 5.) Because this Court is dismissing Plaintiff's RICO claim, the only claim over which this

---

[1]Because Plaintiff's complaint fails to plead with particularity the alleged predicate acts that constitute "racketeering activity," this Court is unable to determine whether Plaintiff has sufficient alleged the "enterprise" and "pattern" requirements of a RICO claim.

Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claim(s) Plaintiff may have alleged in his complaint pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's RICO claim is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED** under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that any state law claim(s) alleged in Plaintiff's complaint is/are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

    s/PATRICK J. DUGGAN
    UNITED STATES DISTRICT JUDGE

Copy to:
Ulysses D. Reed
14637 Rutherford
Detroit, MI 48239